# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RICHARD DEEDS,

      Petitioner,

vs.

JACK PALMER, et al.,

      Respondents.

Case No. 3:12-cv-00479-LRH-VPC

**ORDER**

      Petitioner has paid the filing fee.  The court has reviewed his petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner will need to show cause why the court should not dismiss this action.

      The court takes judicial notice of petitioner's earlier case, Deeds v. Palmer, 3:11-cv-00257-RCJ-VPC.  On February 28, 1980, petitioner was convicted of two counts of sexual assault.  He received consecutive sentences of life imprisonment with parole eligibility beginning after five years for each count.  On February 16, 1982, petitioner was convicted of one count of obtaining money under false pretenses.  He received a sentence of five years imprisonment, and it runs consecutively to the sexual-assault sentences.

      Petitioner alleges that part of his large and small intestines have been removed, and that he has suffered from Crohn's disease.  He further alleges that because of the problems with his digestive tract, he was unable to attend a parole hearing in 2000, and the parole board denied him parole from a sexual-assault sentence for that reason.  He claims that the action of the parole board violated the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, et seq., and that a

1  reasonable accommodation under that law would have been to have paroled him in 2000 from the

2  sexual-assault sentence so that he could start serving the false-pretenses sentence.[1]

3       Congress has limited the time in which a person can petition for a writ of habeas corpus

4  pursuant to 28 U.S.C. § 2254:

5       A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a
        person in custody pursuant to the judgment of a State court. The limitation period shall run
6       from the latest of—
        (A) the date on which the judgment became final by the conclusion of direct review or the
7       expiration of the time for seeking such review;
        (B) the date on which the impediment to filing an application created by State action in
8       violation of the Constitution or laws of the United States is removed, if the applicant was
        prevented from filing by such State action;
9       (C) the date on which the constitutional right asserted was initially recognized by the
        Supreme Court, if the right has been newly recognized by the Supreme Court and made
10      retroactively applicable to cases on collateral review; or
        (D) the date on which the factual predicate of the claim or claims presented could have been
11      discovered through the exercise of due diligence.

12  28 U.S.C. § 2244(d)(1) (emphasis added).  Any time spent pursuing a properly-filed application for

13  state post-conviction review or other collateral review does not count toward this one-year

14  limitation period.  28 U.S.C. § 2244(d)(2).  The period of limitation resumes when the post-

15  conviction judgment becomes final upon issuance of the remittitur.  Jefferson v. Budge, 419 F.3d

16  1013, 1015 n.2 (9th Cir. 2005).  An untimely state post-conviction petition is not "properly filed"

17  and does not toll the period of limitation.  Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005).  A prior

18  federal habeas corpus petition does not toll the period of limitation.  Duncan v. Walker, 533 U.S.

19  167, 181-82 (2001).  Section 2244(d) is subject to equitable tolling.  Holland v. Florida, 130 S. Ct.

20  2549, 2560 (2010).  "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he

21  has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his

22  way' and prevented timely filing."  Id. at 2562 (quoting Pace, 544 U.S. at 418).  The petitioner

23  effectively files a federal petition when he mails it to the court.  Stillman v. Lamarque, 319 F.3d

24  1199, 1201 (9th Cir. 2003).  The court can raise the issue of timeliness on its own motion.  Day v.

25  McDonough, 547 U.S. 198, 209 (2006); Herbst v. Cook, 260 F.3d 1039, 1043 (9th Cir. 2001).

26

27       [1] Petitioner also alleges that he was denied parole in 2003, 2006, 2009, and 2012 because of
    his digestive problems, but those allegations post-date the relief that he argues he should have
28  received.

1    On its face, the petition appears to be untimely.  To repeat, petitioner claims that he should

2    have been paroled from a sexual-assault sentence back in 2000.  That was the date that petitioner

3    learned the factual predicate of his claim.  Petitioner then had one year to file a habeas corpus

4    petition in this court, with the time spent on a state habeas corpus petition tolling that year.

5    Petitioner mailed his federal habeas corpus petition to this court on September 4, 2012, more than

6    ten years after the one-year period apparently expired.  Petitioner needs to show that that time was

7    statutorily tolled while a properly-filed state habeas corpus petition was pending, or he needs to

8    demonstrate that equitable tolling is warranted.

9    It is possible for the court to construe the petition as a claim that the denial of parole on June

10    27, 2012, or August 16, 2012,[2] violated the ADA.  The action would then be timely because

11    petitioner commenced it less than a year after the 2012 denial of parole.  In that alternative,

12    petitioner would need to show cause why the court should not dismiss the action for his failure to

13    exhaust available state-court remedies.  Before a federal court may consider a petition for a writ of

14    habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C.

15    § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's

16    highest court, describing the operative facts and legal theory, and give that court the opportunity to

17    address and resolve the ground.  <u>See</u> <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (<u>per curiam</u>);

18    <u>Anderson v. Harless</u>, 459 U.S. 4, 6 (1982).

19    Petitioner states that he did not present his claims to the state courts because claims pursuant

20    to the ADA go directly to federal court.  That is untrue.  No provision of the ADA restricts actions

21    only to federal courts.  The Supremacy Clause of the Constitution makes federal law "the supreme

22    Law of the Land," and state courts are charged with a responsibility to enforce that law.  <u>Howlett by</u>

23    <u>and through Howlett v. Rose</u>, 496 U.S. 356, 367 (1990).  Petitioner needs to present his claim to the

24    state courts before he can pursue the claim in federal court.

25    //

26

27    _____

28    [2]Petitioner appears to state at page 1 the denial occurred on June 27 and that an appeal was decided on August 16.

-3-

1      IT IS THEREFORE ORDERED that the clerk of the court file the petition for a writ of

2  habeas corpus.

3      IT IS FURTHER ORDERED that petitioner shall have thirty (30) days from the date of entry

4  of this order to show cause why the court should not dismiss this action as untimely or, in the

5  alternative, for failure to exhaust available state-court remedies.  Failure to comply with this order

6  will result in the dismissal of this action.

7      IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney

8  General for the State of Nevada, as counsel for respondents.

9      IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a

10  copy of the petition and a copy of this order.  No response by respondents is necessary.

11      DATED this 28th day of January, 2013.

12

13

14                                                    _____

15                                                    LARRY R. HICKS
                                                      UNITED STATES DISTRICT JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28

-4-