1
2
3
4
5
6       **UNITED STATES DISTRICT COURT**
7           **DISTRICT OF NEVADA**
8
9    RICHARD DEEDS,
10          Petitioner,                    Case No. 3:12-cv-00479-LRH-VPC
11   vs.                                    **ORDER**
12   JACK PALMER, et al.,
13          Respondents.
14

15          The court directed petitioner to show cause why this action should not be dismissed as

16   untimely or as unexhausted.  Order (#7).  Petitioner has filed a brief in response (#11).  The court

17   finds that petitioner has not shown good cause, and the court dismisses the action.

18          The court first noted that petitioner's claims that he should have been paroled back in 2000

19   were untimely because petitioner filed his federal petition for a writ of habeas corpus more than one

20   year after that decision.  Order, at 3 (#7).  See also 28 U.S.C. § 2244(d).  Petitioner does not contest

21   that finding in his brief (#11).  Consequently, petitioner's claims that he should have been paroled

22   more than one year before he commenced this action are untimely.

23          The court next noted that petitioner had not exhausted his state-court remedies for the claim

24   that the denial of his parole in 2012 violated the Americans with Disabilities Act (ADA), 42 U.S.C.

25   § 12101 et seq.  Order, at 3 (#7).  Petitioner alleged that he was denied parole in 2012 because he

26   has problems with his digestive tract and had to use the toilet at the time of his hearing.  Petition, at

27
28

3-A (#8).[1]  Petitioner argues that the Nevada Supreme Court refuses to acknowledge federal law. However, the order that petitioner attached as exhibit 1 to his brief (#11) shows that petitioner did not present an ADA claim to the state district court.  The exhaustion requirement for federal habeas corpus is clear.  Petitioner needs to present the state courts with the legal basis and the operative facts of his claim and give those courts the opportunity to rule upon them before he can raise the claim in federal habeas corpus.  28 U.S.C. § 2254(b).  See also Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Anderson v. Harless, 459 U.S. 4, 6 (1982).  Petitioner has not shown good cause for the failure to exhaust his ADA claim.

Reasonable jurists would not find this court's determination to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that this action is **DISMISSED**, in part because petitioner's claims regarding the denial of parole before 2012 are untimely and in part because petitioner's claims about the Americans With Disabilities Act regarding the denial of parole in 2012 is unexhausted.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED this 13th day of April, 2013.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

---

[1]The court is assuming for the purposes of this order that petitioner's allegations are true, that only petitioner's use of the toilet kept him from being paroled.  However, petitioner alleges elsewhere that he was denied parole in 2012 "based upon an adverse presumption of crime severity and risk to the community."  Petition, at 3 (#8).  That allegation indicates that there were other factors at issue.  If there were other factors, then the claimed violation of the ADA would not be the only reason why petitioner was denied parole.  Consequently, if proven, the ADA violation would not necessarily lead to the parole of petitioner.  Petitioner's ADA claim would then become a matter of the conditions of his confinement, not a challenge to the validity of his confinement.  That claim should be addressed in a civil action, not a habeas corpus petition.  See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991).